**HUNG VIET VU, Petitioner–Appellant,**

v.

**Richard KIRKLAND, Respondents–Appellee.**

No. 10–16686.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2011.*

Filed Dec. 6, 2011.

Krista Hart, Law Offices of Krista Hart, Sacramento, CA, for Petitioner–Appellant.

Robert Kenneth ·Gezi, Esquire, Office of the California Attorney General, Sacramento, CA, for Respondents–Appellee.

Before: HUG, KLEINFELD, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

The district court did not abuse its discretion in declining to accept Appellant's untimely habeas petition *nunc pro tunc* to a timely date. *See Marx v. Loral Corp.,* 87 F.3d 1049, 1054 (9th Cir.1996) (applying abuse of discretion standard to *nunc pro tunc* order). The district court weighed all relevant factors—including the fault attributable to Appellant and Appellant's attorney in filing the petition beyond the one-year statute of limitations—and concluded that the totality of factors weigh against accepting the petition *nunc pro tunc. See Martinez v. Court of Appeal,* 528 U.S. 152, 162, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000) ("[T]he trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the defendant that counsel would normally carry out."); *cf. Anthony v. Cambra,* 236 F.3d 568, 574 n. 1 (9th Cir.2000) (finding district court acted within its discretion when it corrected its *own* error by accepting untimely habeas petition *nunc pro tunc* ). Further, the district court did not err in concluding that dismissal of the

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

petition would not work a harsh result because the claims in the untimely petition lacked probable merit. *See Martin v. Henley,* 452 F.2d 295, 299 (9th Cir.1971) ("The power to amend *nunc pro tunc* is a limited one, and may be used only where necessary to correct a clear mistake and prevent injustice.").

AFFIRMED.